# STATE OF VERMONT

SUPERIOR COURT                                              ENVIRONMENTAL DIVISION
Vermont Unit                                                Docket No. 68-5-12 Vtec

| Champlain Pkway A250 Permit |
|---|

## ENTRY REGARDING MOTION

Title:          Motion to Amend or Alter (Motion 26)
Filer:          Fortieth Burlington, LLC
Attorney:       Carl H. Lisman
Filed Date:     August 11, 2014

Response in Opposition filed on 08/21/2014 by Attorney Brian S. Dunkiel for Interested Person City of Burlington.  Vermont Agency of Transportation joins City's opposition.

This matter relates to the traffic impacts of an Act 250 application by the City of Burlington and the State of Vermont Agency of Transportation (together, Applicants) for a project generally described as the completion and construction of the Champlain Parkway (Parkway) in Burlington, Vermont.  Now pending before the Court is a post-judgment motion filed by Fortieth Burlington, LLC (Fortieth) to alter or amend our July 30, 2014 Decision on the Merits.

In our July 30 Decision, we concluded that the Parkway may cause unreasonable congestion or unsafe conditions with respect to the use of highways within the meaning of Criterion 5.  We also imposed certain conditions to address any congestion or unsafe conditions that may result.  See In re Agency of Transp., 157 Vt. 203, 207 (1991) (citing 10 V.S.A. 6087(b)) (noting that "[a] permit cannot be denied for a project that creates unsafe conditions within the meaning of [C]riterion 5, but permit conditions can be imposed to remedy those conditions").  We declined to adopt Fortieth's suggestion, however, of requiring the redesign of the Parkway intersection with Lakeside Avenue to be a four-way rather than a five-way intersection, whereby Fortieth's access way would be relocated to the east and shared with the Department of Public Works (DPW) access way.[1]  In considering suggested Parkway alterations, we found that Fortieth "did not provide necessary details of each improvement or the corresponding impacts on traffic."  Champlain Parkway Act 250 Permit, No. 68-5-12 Vtec, slip op. at 14 (Vt. Super. Ct. Envtl. Div. July 30, 2014) (Walsh, J.).  Fortieth argues that it "introduced ample evidence supporting its proposal for redesign of the intersection, as detailed in its proposed Findings of Fact and Conclusions of Law," and therefore asks the Court to impose an additional

---

[1] Fortieth offered several design alterations in addition to its suggestion that the five-way intersection be altered to a four-way intersection.  These included, but were not limited to, adding left turning lanes and altering green signal durations for different movements.  Fortieth's motion to alter only addresses its suggestion of a four-way intersection.

1

permit condition requiring this redesign. (Appellant's Mot. to Alter or Amend at 3, filed Aug. 11, 2014).

The City of Burlington filed a response in opposition, which the Vermont Agency of Transportation joins. Applicants argue that Fortieth's citations to trial testimony in the present motion continue to fall short in providing "sufficient evidence in enough detail and specificity" regarding its proposed Parkway alterations. (Applicants' Response in Opposition to Appellant's Motion to Alter or Amend at 4, filed Aug. 20, 2014).

We recognize four principal grounds for granting a motion to alter or amend: (1) "to correct manifest errors of law or fact"; (2) to allow a moving party to "present newly discovered or previously unavailable evidence"; (3) to "prevent manifest injustice"; and (4) to respond to an "intervening change in the controlling law." In re Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, & 136-8-10 Vtec, slip op. at 10–11 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J.) (quoting 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1); Drumheller v. Drumheller, 2009 VT 23, ¶ 29, 185 Vt. 417 ("Vermont Rule 59(e) is substantially identical to Federal Rule of Civil Procedure 59(e), and we have looked to federal decisions interpreting the federal rule for guidance in applying the Vermont rule."). The grant of a motion to alter or amend "a judgment after its entry is an extraordinary remedy which should be used sparingly." 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2810.1. Fortieth points to no newly discovered or previously unavailable evidence, nor to any change in the law. Thus, we only consider whether there was some manifest error of the Court or whether the decision creates a manifest injustice.

Fortieth points to the expert testimony of Applicants' witness, David Kahlbaugh, and Fortieth's witness, Samuel Offei-Addo in support of its motion. As noted by Fortieth, Mr. Kahlbaugh testified that in the course of designing a highway, it would not be unusual to consider consolidating five approaches to an intersection into four approaches. (Transcript I at 21:11–21:14). Mr. Kahlbaugh also agreed that some of the congestion that will result at Fortieth's driveway would be alleviated if the four-way intersection was implemented. (Transcript I at 140:20–140:24). Mr. Offei-Addo testified that he had considered a four-way intersection, but that he had not done "complete studies" of this alternative. (Transcript II at 57:13–58:2). In fact, Mr. Offei-Addo's testimony is replete with statements that he conducted no quantitative analysis of the intersection. See, e.g., Transcript II at 21:1–21:7, 29:9–29:11, 36:13–36:20, 41:19–41:24, 57:13–58:2. Rather, based on his 20 years of experience in traffic engineering and review of the proposed development, Mr. Offei-Addo testified to his opinion that because the elimination of one approach could reduce overall traffic signal cycle time, a four-way intersection would lessen congestion and reduce delays. (Transcript II at 58:3–59:15).

We considered and gave the appropriate weight to Mr. Offei-Addo's expert opinion. Without any study, however, Fortieth failed to provide sufficient evidence regarding implementation and traffic impacts to allow this Court to conclude that requiring a four-way intersection would be a reasonable condition to remedy congestion and unsafe conditions. See In re Agency of Transp., 157 Vt. 203, 207 (1991). Furthermore, while this alternative may improve conditions for Fortieth, we have no information regarding how this alternative might affect other approaches to the intersection. Thus, we find no error or injustice in our conclusion that Fortieth "did not provide necessary details of each improvement or the

2

corresponding impacts on traffic." <u>Champlain Parkway Act 250 Permit</u>, No. 68-5-12 Vtec, slip op. at 14.

For the reasons stated above, Fortieth's motion to alter or amend our July 30, 2014 Decision on the Merits is **DENIED**.


Electronically signed on August 21, 2014 at 02:56 PM pursuant to V.R.E.F. 7(d).

_Tom Walsh_
_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division




<u>Notifications</u>:
Carl H. Lisman (ERN 3882), Attorney for Appellant Fortieth Burlington, LLC
Brian S. Dunkiel (ERN 4594), Attorney for Interested Person City of Burlington
Co_Counsel for party 7 Elizabeth H. Catlin
Daniel D. Dutcher (ERN 1412), Attorney for Interested Person Agency of Trans. State of Vermont